IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

MARY PRICE and CHARLIE PRICE,

        Plaintiffs,

v.                                                            No. CIV 02-992 BB/LCS

BRUCE MILLER, DALE MILLER, d/b/a
Miller & Sons Trucking, MILLER & SONS
TRUCKING, INC., PACKERLAND
TRANSPORT, INC., and UNITED STATES
FIRE INSURANCE COMPANY,

        Defendants.

### MEMORANDUM OPINION
### AND
### ORDER ON DEFAULT JUDGMENT

THIS MATTER is before the Court on the motion [Doc. 19] of Defendant Bruce Miller to set aside the Default Judgment entered January 21, 2003 [Doc. 25]. Having reviewed all the submissions of counsel and entertained oral argument on May 19, 2003, the Court finds the motion will be conditionally Granted.

*Discussion*

I.    *Facts*

Plaintiffs and Defendant Bruce Miller were involved in a serious truck-van collision in Lincoln County on January 8, 2000. After representing other van passengers in previous litigation against Bruce Miller, Plaintiffs' counsel filed this suit on August

12, 2002. Unlike the previous cases, where Miller's counsel accepted service of the complaint, however, in this case his counsel claimed a "lack of authority." In the interim, Miller had apparently disappeared in Canada. With dogged determination and at substantial expense, Plaintiffs' counsel located the elusive Bruce Miller and had him served with the complaint on October 23, 2002. Miller, however, apparently felt this case would proceed as the others had and never communicated the fact of service to his erstwhile counsel.

Plaintiffs' counsel waited a significant period of time, then sent a motion for a default judgment to all counsel, including Miller & Sons Trucking and their insurance carrier, United States Fire Insurance Company. When no response was forthcoming, the Clerk's Entry of Default was entered January 3, 2003. Counsel for Bruce Miller, apparently now reauthorized, responded to Plaintiffs' motion for default on January 14, 2003, but because of our previous package-filing rule, the Court was not notified of this and a Default Judgment was entered on January 21, 2003. Defendant Bruce Miller now seeks to have the default judgment and the entry of default set aside.

II.     *Federal Rule of Civil Procedure 55*

    A.     *Good Cause Shown*

Federal Rule of Civil Procedure 55 allows an entry of default to be set aside for "good cause shown." Once judgment has been entered, Rule 60 requires "mistake, inadvertence, surprise or excusable neglect." Here, default judgment was improperly

entered since Bruce Miller's counsel had already moved to set aside the entry of default prior to judgment being entered. *See New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996); *United States on behalf of Time Equipment Rental & Sales, Inc. v. Harre*, 983 F.2d 128 (8th Cir. 1993). The issue, then, is whether Bruce Miller has shown "good cause" or whether the Clerk's entry of default remains appropriate.

The general rule favors adjudication on the merits over default. *Wilver v. Fisher*, 387 F.2d 66 (10th Cir. 1967); *Meeker v. Rizley*, 324 F.2d 269 (10th Cir. 1963). "However, this judicial preference is counterbalanced by considerations of social goals, justice, and expediency, a weighing process which lies largely within the trial judge's discretion." *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970); *see also Thompson v. American Home Assur. Co.*, 95 F.3d 429 (6th Cir. 1996) (court must consider equities of setting aside default). At oral argument it was represented, without contradiction, that Bruce Miller's participation in the prior related suits was sporadic and generally uncooperative. In spite of the entry of the default judgment, Plaintiffs propounded interrogatories to Bruce Miller in the present case. He responded by invoking the Fifth Amendment to every question. The weighing process envisioned in *Gomes* seems to indicate Bruce Miller was likely culpable in avoiding and then failing to forward service and is likely to do little to facilitate the speedy justice contemplated. Fed. R. Civ. P. 1; *Farnese v. Bagnasco*, 687 F.2d 761 (3d Cir. 1982); *Morgan v. Berry*, 785 F. Supp. 187 (D.D.C. 1992); *Nelson v. Coleman Co.*, 41 F.R.D. 7 (D.S.C. 1966).

3

"Generally, a federal court will grant a motion under Rule 55(c) only after some showing is made that if relief is granted, the outcome of the suit may be different than if the entry of default or the default judgment is allowed to stand." WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE [CIVIL] § 2697 at 155 (Matthew Bender 3d); *see also Pretzel & Stouffer, Chartered v. Imperial Adjusters, Inc.*, 28 F.3d 42 (7th Cir. 1994); *Federal Sav. & Loan Ins. Corp. v. Kroenke*, 858 F.2d 1067 (5th Cir. 1988). In his pleadings, Bruce Miller sets out only a general statement of the conditions leading to Defendant's rear-end collision into Plaintiffs and concludes "Defendant Bruce Miller has a meritorious defense." (Resp. to Pls.' App. at 6.)  This is insufficient. *Gomes, supra; Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 784 (8th Cir. 1998) (defendant must show the outcome would likely be different); *Fink v. Swisshelm*, 182 F.R.D. 630 (D. Kan. 1998).

Related to the requirement of a meritorious defense is prejudice to plaintiff if the default is vacated. At oral argument, counsel for Bruce Miller agreed that the evidence would likely indicate her client had some liability and his "defense" was the comparative negligence of other parties, including Plaintiffs. Even if the default remains in place, this issue can be decided by the jury at the damages phase of the trial. If the default is vacated, however, Plaintiffs will be required to shoulder the burden of obtaining sufficient meaningful discovery from the elusive Mr. Miller to establish liability.

**The trial court may use its inherent and equitable powers to condition the lifting of the entry of default.** *Littlefield v. Walt Flanagan & Co.*, 498 F.2d 1133, 1136 (10th Cir. 1974); *Meeker v. Rizley*, 324 F.2d at 271. **Bruce Miller's behavior has caused sufficient prejudice to condition vacating the default upon Defendant redressing the problems created by his behavior.** *See Seanor v. Bair Transp. Co. of Del.*, 54 F.R.D. 35, 36 (E.D. Pa. 1971); *Trueblood v. Grayson Shops of Tenn.*, 32 F.R.D. 190 (E.D. Va. 1963). **This is a case where equitable conditions are required. The Court will therefore deny the motion to set aside the entry of default unless Defendant Bruce Miller files a proposed answer with supporting affidavits setting forth a prima facie defense beyond comparative fault and also pays Plaintiffs' counsel $3,143.28 to cover the cost of service of process necessitated by his disappearance.** *See Coon v. Grenier*, 867 F.2d 73 (1st Cir. 1989); *Choice Hotels Int'l, Inc. v. Pennave Assocs., Inc.*, 192 F.R.D. 171 (E.D. Pa. 2000).

## O R D E R

**For the above stated reasons, the Default Judgment is vacated. The Clerk's Entry of Default will be vacated upon Defendant Bruce Miller filing a proposed answer together with supporting affidavits and the payment of $3,143.28 to Plaintiffs' counsel as compensation for the expense of the service of process required by Defendant's obstructionist tactics.**

**Dated at Albuquerque this 2nd day of June, 2003.**

_____
**BRUCE D. BLACK**
**United States District Judge**

**For Plaintiffs:**
   Charles W. Durrett, Lisa K. Durrett, DURRETT & DURRETT, Alamogordo, NM

**For Defendant Bruce Miller:**
   M. Clea Gutterson, CIVEROLO GRALOW HILL & CURTIS, Albuquerque, NM